UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 13-23115-CIV-MARTINEZ-GOODMAN**

SECURITIES AND EXCHANGE
COMMISSION,
              Plaintiff,

v.

BERNARD H. BUTTS, JR., *et al.*,
              Defendants,
_____/

## AMENDED FINAL JUDGMENT AS TO FOTIOS GEIVELIS, JR. (ALSO KNOWN AS FRANK ANASTASIO), WORLDWIDE FUNDING III LIMITED LLC, AND GLOBAL WORLDWIDE FUNDING VENTURES, INC.

THIS CAUSE came before the Court on the unopposed motion of Plaintiff Securities and Exchange Commission ("SEC") and Consent of Defendants Fotios Geivelis, Jr. (also known as Frank Anastasio) ("Geivelis"), Worldwide Funding III Limited LLC ("Worldwide Funding"), and Global Worldwide Funding Ventures, Inc. ("Global") (collectively the "Geivelis Defendants") for entry of a final judgment permanently enjoining Geivelis and Worldwide Funding from future violations of the federal securities laws; ordering Geivelis, Worldwide Funding and Global jointly and severally to pay disgorgement and prejudgment interest; and ordering Geivelis and Worldwide Funding to pay civil penalties. The SEC filed its complaint on August 29, 2013, [ECF No. 1]. The Geivelis Defendants were served with the summonses and complaint on September 4, 2013, [ECF No. 44]. They entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to the entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

The Court finds based on the consents of the Geivelis Defendants that it has personal jurisdiction over these defendants and subject matter jurisdiction over this action. There is good cause to grant the request for entry of the permanent injunction and final judgment. Accordingly, the motion is GRANTED.

1.  IT IS ORDERED, ADJUDGED, AND DECREED that Defendants Geivelis and Worldwide Funding, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  To employ any device, scheme, or artifice to defraud;

(b)  To make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading either orally or in writing, concerning (i) any investment strategy or investment in securities, (ii) any investment in securities trading programs, (iii) the safety and security of any investment, (iv) the use of investor's funds or proceeds, (v) the compensation or commission to be received related to the offer or sale of securities, (vi) the success of any prime bank instrument trading program, or (vii) the risk involved in investing in a securities offering; or

(c)  To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

2. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Geivelis and Worldwide Funding, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

(a) To employ any device, scheme, or artifice to defraud;

(b) To obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading either orally or in writing, concerning (i) any investment strategy or investment in securities, (ii) any investment in securities trading programs, (iii) the safety and security of any investment, (iv) the use of investor's funds or proceeds, (v) the compensation or commission to be received related to the offer or sale of securities, (vi) the success of any prime bank instrument trading program, or (vii) the risk involved in investing in a securities offering; or

(c) To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

3. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants Geivelis and Worldwide Funding, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, directly or indirectly, in the absence of

any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any securities, unless a registration statement is filed with the Commission as to such securities, or while a registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

4. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant Geivelis and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1), while engaged in the business of effecting transactions in securities for his account or the account of others, making use of the means or instruments of transportation or communication in interstate commerce or of the mails to effect transactions in or to induce or attempt to induce the purchase or sale of securities without registration with the Commission as a broker-dealer.

5. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that that the Geivelis Defendants are jointly and severally liable for disgorgement of $2,149,680.00 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $126,708.08, which together total $2,276,388.08. The Geivelis Defendants shall satisfy this obligation by paying $2,276,388.08 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

7. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Geivelis is liable for a civil penalty in the amount of $2,149,680.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). Geivelis shall satisfy this obligation by paying $2,149,680.00 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

8. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Worldwide Funding is liable for a civil penalty in the amount of $2,149,680.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). Worldwide Funding shall satisfy this obligation by paying $$2,149,680.00 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

9. The Geivelis Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Fotios Geivelis, Jr., Worldwide Funding III Limited LLC, and Global Worldwide Funding Ventures, Inc. as a defendants in this action, and specifying that payment is made pursuant to this Final Judgment.

10. The Geivelis Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, the Geivelis Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

11. The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. The Geivelis Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The SEC will hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

12. The SEC may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7246(a). The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC's staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

13. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, the Geivelis Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on the Geivelis Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the Geivelis Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Geivelis Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against the Geivelis Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

14. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

15. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

16.     There being no just reason for delay, pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers at Miami, Florida, this 9 day of January, 2015.

```
_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE
```

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record