UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 13-23115-CIV-MARTINEZ-GOODMAN**

SECURITIES AND EXCHANGE
COMMISSION,
          Plaintiff,

v.

BERNARD H. BUTTS, JR., *et al.*,
          Defendants,
_____/

## FINAL JUDGMENT AS TO DEFENDANT EXPRESS COMMERCIAL CAPITAL LLC

THIS CAUSE came before the Court upon the unopposed motion of the Plaintiff Securities and Exchange Commission ("Commission") and the Consent of Defendant Express Commercial Capital LLC ("Express Commercial") for entry of a final judgment ordering Express Commercial to pay disgorgement [ECF No. 214]. Upon review of the record, the Court finds there is good cause to **GRANT** the Commission's motion. Therefore:

1.    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Express Commercial is liable for disgorgement of $90,950.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $8,457.57, for a total of $99,407.57. Based on Defendant's sworn representations in the Statement of Financial Condition dated May 9, 2016, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant Express Commercial to pay a civil penalty, and payment of all but $14,615.00 of the disgorgement and prejudgment interest thereon is waived. The determination not to impose a civil penalty and to waive all but $14,615.00 of the disgorgement and pre-judgment interest is contingent upon the

accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.

In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

2. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall satisfy this obligation by paying $14,615.00 to the Commission within 14 days after entry of this Final Judgment.

3. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's bank, JP Morgan Chase Bank N.A., which was served with the Temporary Restraining Order entered in this case, is directed to pay the $14,615.00 in funds that were frozen in the account of Express Commercial to the Commission within 14 days after entry of this Final Judgment as satisfaction of this judgment.

JP Morgan Chase Bank N.A. may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. JP Morgan Chase Bank N.A. may also pay by certified check, bank cashier's check, or United States postal money order payable to the Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169,

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Express Commercial as a defendant in this action, and specifying that payment is made pursuant to this Final Judgment. By JP Morgan Chase Bank N.A. making this payment on Defendant's behalf, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

4. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

5. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

6. This Final Judgment resolves all the claims pending against Defendant Express Commercial. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ORDERED to enter this Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of October, 2016.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies to:
Magistrate Jonathan Goodman
All Counsel of Record